**Leonard WALKER, Appellant,**

v.

**William Alonzo REYNOLDS,
et al., Defendants,**

**Mary Jane Pollock Reynolds, Lela Reynolds, Nevada Reynolds, and Ruth Imogene Reynolds, Appellees.**

**No. 84743.**

Court of Appeals of Oklahoma.
Division No. 1.

Jan. 30, 1996.

---

Doak Willis, Tahlequah, for Appellant.

Chadwick Smith, Tulsa, for Appellees.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant Leonard Walker seeks review of the trial court's order determining the heirs of William A. Reynolds, deceased. In this appeal, Appellant challenges the trial court's determination that William A. Reynolds, holder of Cherokee Enrollment No. 5222, was not the ancestor of Appellant but, rather, the ancestor of Appellees. We find no error in the trial court's order determining heirs, and affirm.

Appellant initiated this action alleging he was the heir of William A. Reynolds, a/k/a William Alonzo Reynolds, holder of the Cherokee Nation enrollment number 5222, and requested the trial court determine the heirs of said William A. Reynolds. Appellees objected, alleging the William A.

Reynolds who was enrolled in the Cherokee Nation was, in fact, William Anderson Reynolds, Appellees' ancestor. Appellees moved to dismiss on the grounds the trial court was without jurisdiction to entertain an action purporting to establish the identity of a member of the Cherokee Nation, that jurisdiction being exclusively vested in the Cherokee Nation which had previously (1) determined enrollee number 5222 to be William Anderson Reynolds, and (2) revoked the membership of the heirs of William Alonzo Reynolds. The trial court denied the motion and proceeded to trial, at the conclusion of which the trial court determined the heirs of William Alonzo Reynolds and also determined that William Anderson Reynolds, not William Alonzo Reynolds, was the holder of enrollment number 5222 of the Cherokee Nation.

Appellant challenges the trial court's order as "not supported by competent evidence and against the clear weight of the evidence," arguing the testimony and documentary evidence produced at trial conclusively establish that the William A. Reynolds enrolled in the Cherokee Nation at the turn of the century was one and the same as William Alonzo Reynolds, Appellant's ancestor. Appellant takes no issue with the trial court's judgment determining the heirs of William Alonzo Reynolds.

In that regard, the trial court has jurisdiction to determine heirs. 84 O.S.1991 § 251 However, the trial court does not have jurisdiction to determine membership of the Cherokee Nation. *See, Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) ("A tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community.") (citation omitted). *See, also,* Indian Civil Rights Act, 25 U.S.C. § 1301 et seq. In the present case, the record reflects the Cherokee Nation had previously determined—after investigation—the original enrollee number 5222 as belonging to William Anderson Reynolds. Thus, to the extent the trial court purported to establish membership in the Cherokee Nation by determining

the holder of enrollment number 5222, the trial court exceeded its authority, that matter being wholly within Cherokee tribal authority; in that regard, we view the trial court's "finding" to that effect as nothing more than the trial court's act of properly taking judicial notice of adjudicative facts. 12 O.S.1991 § 2202. However, to the extent the trial court determined the heirs of William Alonzo Reynolds, we find competent evidence to support that determination, especially considering Appellant takes no issue therewith in the present proceeding.

The order of the trial court determining heirs of William Alonzo Reynolds is therefore AFFIRMED.

CARL B. JONES, P.J., and GARRETT, J., concur.